■ In the Matter of KINGSTON TRUST Co., as Executor of MILTON WALKER, Deceased, et al., Petitioners, v. NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondents denying petitioner's application for redetermination of a deficiency for tax and interest. On March 6, 1959, the State of New York appropriated certain farm lands owned by Milton and Lillie Walker. In subsequent condemnation proceedings, they were awarded $264,000 for the lands taken, $55,500 of which was paid to them in 1961 and the balance of $208,900 plus interest was paid in 1962. The State Tax Commission determined that these sums were subject to the unincorporated business tax and that the portion of the interest paid to their attorney for his representation in the condemnation proceeding was taxable as interest income. Only the former portion of the commission's determination is involved in this proceeding. Any business conducted by an individual or unincorporated entity is subject to the unincorporated business tax (Tax Law, § 701, subd. [a]; § 703, subd. [b]). However, an owner of real property is not deemed to be engaging in an unincorporated business solely by reason of holding, leasing or managing real property (Tax Law, § 703, subd. [e]). Petitioner contends that the respondent's determination that Milton and Lillie Walker

were engaged in an unincorporated business and therefore subject to the tax is unsupported by substantial evidence in the record as all the evidence indicates that the property in question was being held as an investment in 1959. In the proceedings before the Tax Commission, petitioner had the burden of proof of establishing its entitlement to a redetermination of its tax liability (Tax Law, § 689, subd. [e]; § 722). Petitioner failed to meet that burden. The only evidence presented in support of the claim that the property in question was held as an investment was the testimony of Thomas Dendy, an accountant, who admitted he had little personal knowledge of the facts. He testified that Milton Walker did not operate the farm after 1957 because of ill health and that he rented it out subsequently. His 1959 tax return included a sum attributed to rent. However, this sum was not attributed to any particular piece of property and the Walkers apparently owned and rented other lands which were not involved in the taking. Dendy also admitted that the Walkers claimed deductions for depreciation on irrigation equipment and for repairs and insurance which were consistent with the operation of a business. Additionally, he claimed that the flowers, which resulted in $500 income and a net profit of $125.79 in 1959, were grown around the house and not on the lands appropriated. That respondents' determination is supported by substantial evidence can best be seen in the Walkers' tax returns for the years 1961 and 1962 where, under the heading "Long-Term Capital Gain Condemnation Award Proceeds", they stated: "In the latter year [1959], the State of New York again bisected each of the two farm areas, in a condemnation proceeding, isolating the retail store from each of the remaining three smaller farm areas, and taxpayer found it uneconomical to attempt to continue farming operations. He therefore gave up the business he had engaged in for most of his adult life." This statement not only contradicts Dendy's hearsay testimony but establishes, by the taxpayer's own admissions, that they did not give up the farming business until after the appropriation and were motivated to do so by that action. Determination confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.